UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

ALLISON ALBERT.                                    **ORDER**
                                                   **10-CV-2835 (SJF)**
                    Debtor.
-----------------------------------------------------------X

FEUERSTEIN, J.,

On May 6, 2010, appellant Allison Albert ("appellant") filed in the United States Bankruptcy Court for the Eastern District of New York ("the bankruptcy court") a notice of appeal to this Court from an order of the bankruptcy court (Grossman, U.S.B.J.), entered April 27, 2010, dismissing her Chapter 7 bankruptcy petition, number 10-73046-reg, *nunc pro tunc* to April 26, 2010 pursuant to 11 U.S.C. § 105(a). The notice of appeal was transmitted to this Court on June 21, 2010. For the reasons set forth below, the order of the bankruptcy court is affirmed.

I.     BACKGROUND

On or about December 14, 2009, appellant filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code ("the Bankruptcy Code") in the bankruptcy court, case no. 09-79566-reg ("the Chapter 13 proceeding"). Pursuant to 11 U.S.C. § 362(c)(3)(B), the automatic stay in the Chapter 13 proceeding expired on January 14, 2010. Following expiration of the automatic stay, a foreclosure sale of appellant's real property, located at 70 North Howell Avenue, Centereach, New York ("the property"), was scheduled for April 27, 2010.

In or around April 2010, following a hearing held on April 8, 2010, the bankruptcy court: (1) granted the motion of the Chapter 13 Trustee to dismiss the Chapter 13 proceeding for appellant's failure to make Chapter 13 plan payments; (2) ruled that appellant was not permitted to

1

file another bankruptcy petition while the Chapter 13 proceeding was pending; and (3) directed the Chapter 13 Trustee to settle the proposed order dismissing the Chapter 13 proceeding for presentment to the bankruptcy court on April 28, 2010, after the date scheduled for the foreclosure sale of appellant's property, in order to ensure that the foreclosure sale of the property would not be affected by appellant's filing of another bankruptcy petition prior to the sale.

On or about April 26, 2010, notwithstanding the bankruptcy court's rulings in the Chapter 13 proceeding and the pendency of the Chapter 13 proceeding, appellant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the bankruptcy court, case no. 10-73046-reg ("the Chapter 7 proceeding"). On that same date, appellant also filed a motion to "extend" the automatic stay.

By order entered April 27, 2010, the bankruptcy court dismissed the Chapter 7 proceeding *nunc pro tunc* to April 26, 2010 pursuant to 11 U.S.C. § 105(a), concluding: (1) that the Chapter 7 proceeding was a legal nullity as a result of its prior rulings in the Chapter 13 proceeding; (2) that the Chapter 7 proceeding had no legal effect on the property because the property was part of appellant's estate in the Chapter 13 proceeding and, therefore, was not property of appellant's estate in the Chapter 7 proceeding pursuant to In re Shankman, 382 B.R. 591, 595 (Bankr. E.D.N.Y. 2008); and (3) that the Chapter 7 proceeding was void *ab initio* since it was filed in bad faith in order to stay the foreclosure sale of the property. According to appellant, the property was sold during the foreclosure sale held on April 27, 2010.

On May 6, 2010, appellant filed in the bankruptcy court a notice of appeal to this Court from the April 27, 2010 order of the bankruptcy court dismissing her Chapter 7 proceeding. The notice and record on appeal were transmitted to this Court on June 21, 2010. Appellant filed her brief on August 9, 2010. Neither the trustee, nor any creditor of appellant, has filed a responsive

brief on the appeal.

II.  DISCUSSION

A.  Standard of Review

On an appeal from a bankruptcy court order, a district court must review findings of fact under a "clearly erroneous" standard. Fed. R. Bankr. P. 8013. Issues of law, on the other hand, are reviewed *de novo*. See In re Vouzianas, 259 F.3d 103, 107 (2d Cir. 2001). Generally, a finding of bad faith is a factual issue subject to review under the clear error standard. See Adirondack Mines, Inc. v. United States Trustee, No. 1:10-cv-411, 2010 WL 4781529, at * 2 (N.D.N.Y. Nov. 16, 2010); see also In re Casse, 198 F.3d 327, 332 (2d Cir. 1999) (finding that the bankruptcy judge "found as a fact" that the appellants acted in bad faith); In re C-TC 9th Avenue Partnership, 113 F.3d 1304, 1312 n. 6 (2d Cir. 1997) (stating that the bankruptcy court's factual conclusions of bad faith are reviewed under the clearly erroneous standard). The decision of a bankruptcy court to dismiss a petition for bad faith is reviewed for abuse of discretion, see In re First Connecticut Consulting Group, Inc., 254 Fed. Appx. 64, 68 (2d Cir. Nov. 15, 2007), as is the decision of the bankruptcy court to bar subsequent filings by a particular debtor, see In re Casse, 198 F.3d at 341. On appeal, "the district court * * * may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

B.  Dismissal

Appellant contends, *inter alia*, that the bankruptcy court erred in deferring dismissal of her Chapter 13 proceeding until after the scheduled foreclosure sale of her property and preventing her from filing a Chapter 7 proceeding during the pendency of her Chapter 13 proceeding, thereby

3

resulting in the sale of her property for less than twenty percent (20%) of its appraised value.

The bankruptcy court's factual finding that appellant filed the Chapter 7 proceeding in bad faith was not clearly erroneous given, *inter alia*, that appellant filed the Chapter 7 proceeding while the Chapter 13 proceeding was still pending in blatant disregard of the bankruptcy court's rulings in the Chapter 13 proceeding; that the Chapter 7 proceeding was commenced on the eve of the foreclosure sale of appellant's property; and that appellant sought an immediate stay of the foreclosure sale at the time she commenced the Chapter 7 proceeding. Moreover, the docket of the bankruptcy court reflects that in addition to the Chapter 13 proceeding, appellant had commenced two (2) other bankruptcy proceedings, case nos. 08-74580-reg and 09-74191-reg. (Bankr. Doc. 4/26/2010). Thus, appellant is a serial filer in the bankruptcy court.

11 U.S.C. § 105(a) provides as follows:

> "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

The Second Circuit has held, in relevant part, that:

> "11 U.S.C. § 105 'is an omnibus provision phrased in such general terms as to be the basis for a broad exercise of power in the administration of a bankruptcy case. The basic purpose of section 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction. . . . Bankruptcy courts, both through their inherent powers as courts, and through the general grant of power in section 105, are able to police their dockets and afford appropriate relief.'"

In re Casse, 198 F.3d 327, 336 (2d Cir. 1999) (quoting 2 Collier on Bankruptcy (15th ed. 1999) at 105-5 to -7). Although Section 105(a) empowers bankruptcy courts with broad discretion to fashion equitable relief, they must exercise that power "within the confines of the Bankruptcy

4

Code," In re Kalikow, 602 F.3d 82, 96 (2d Cir. 2010), and "the dictates of due process," Modica v. Ozone Park Funding Associates, 442 B.R. 189, 193 (E.D.N.Y. 2010).

Since Section 105 has been held to authorize bankruptcy courts to sanction bad-faith filers by enjoining future bankruptcy filings, id. at 337-9 (citing cases), it logically follows that a bankruptcy court would also be permitted to formulate a less restrictive equitable remedy for abuse of the bankruptcy process such as, e.g., deferring dismissal of a pending bankruptcy proceeding to prevent an immediate re-filing of another bankruptcy petition, with its resulting automatic stay, under the Bankruptcy Code. See, e.g. Modica, 442 B.R. at 194 (holding that bankruptcy courts "can limit the effect of the automatic stay provisions of the [Bankruptcy] Code in hypothetical future cases with respect to a debt or property that had already been subject to bankruptcy jurisdiction.") Accordingly, the bankruptcy court did not commit legal error in deferring dismissal of the pending Chapter 13 proceeding until after the scheduled foreclosure sale of appellant's property, since such relief was well within both the confines of the Bankruptcy Code and the dictates of due process.

Nor did the bankruptcy court abuse its discretion in deferring dismissal of the Chapter 13 proceeding until after the foreclosure sale to prevent appellant from further abusing the bankruptcy process in order to affect a stay of the foreclosure sale of her property. See, e.g. In re Casse, 198 F.3d at 342 (finding that the bankruptcy court did not abuse its discretion in, *inter alia*, enjoining the appellants from future bankruptcy filings given the appellants' "abusive bad faith and the court's just purpose in allowing [appellants' creditor] to proceed with its long-delayed foreclosure remedy.")

Appellant does not otherwise challenge the bankruptcy court's April 27, 2010 order as factually or legally erroneous, or as constituting an abuse of discretion. Nevertheless, upon review,

5

I find that the April 27, 2010 order of the bankruptcy court dismissing appellant's Chapter 7 proceeding as void *ab initio* was neither factually or legally erroneous, nor an abuse of discretion. See, e.g. In re Casse, 198 F.3d at 342 (finding that the bankruptcy court's treatment of the debtor's Chapter 13 petition, which was filed in violation of the bankruptcy court's previous order imposing an injunction against bankruptcy filings by the appellants, as void *ab initio* was consistent with established authority); In re Shankman, 382 B.R. 591, 595 (Bankr. E.D.N.Y. 2008) ("[I]f an asset is property of the estate in a Chapter 7 case, it is not property of the debtor at the time of the filing of the subsequent Chapter 13 case, and therefore does not become property of the estate in the Chapter 13 case. * * * In other words, an asset cannot be property of the estate in two bankruptcy cases at the same time.") Accordingly, the April 27, 2010 order of the bankruptcy court is affirmed.

III. CONCLUSION

For the foregoing reasons, the order of the bankruptcy court is affirmed.

**SO ORDERED.**

SANDRA J. FEUERSTEIN
United States District Judge

Dated: April 26, 2011
Central Islip, New York